Filing # 154402658 E-Filed 08/01/2022 10:28:20 AM

---

CIVIL ACTION SUMMONS

VERNAL I. LEE,

      Plaintiff,

vs.

GRACO, INC., a foreign corporation, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a foreign corporation, and HOME DEPOT U.S.A., INC., a foreign corporation,

      Defendant.

_____/

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA.

CASE NO: CACE22011077

Served
Date 8|3|22  Time 11|05a
MOG    No. 243
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint and/or Petition in this action on Defendant:

              **Home Depot U.S.A. INC.**

**By serving:**      **Registered Agent**
              **Corporation Service Company**
              **1201 Hays Street**
              **Tallahassee, FL 32301-2525**

Each defendant is required to serve written defenses to the Complaint or petition on

Daniel D. Walker of
CLARK, FOUNTAIN, LA VISTA, PRATHER, & LITTKY-RUBIN, LLP

Plaintiffs' attorney, whose address is:

      1919 N. Flagler Drive, 2nd Floor
      West Palm Beach, FL 33407
      PH: (561) 899-2100  FAX: (561) 832-3580
      E-Mail: dwalker@clarkfountain.com

within 20 days after service of this summons on that defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on

plaintiffs' attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED:      AUG 01 2022

As Clerk of the Court

By: _____

As Deputy Clerk

BRENDA D. FORMAN

## IMPORTANTE

**Usted ha sido demandado legalmente.   Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.   Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.   Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente.   Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.**

**Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada obajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).**

## IMPORTANT

**Des poursuites judiciares ont ete entreprises contre vous.   Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.   Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.   Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.   Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.   Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).**

**Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355 4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355 4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.

Filing # 154230297 E-Filed 07/28/2022 10:43:48 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA.

VERNAL I. LEE,

CASE NO.: CACE22011077

   Plaintiff

v.

GRACO, INC., a foreign corporation, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a foreign corporation, and HOME DEPOT U.S.A., INC., a foreign corporation,

   Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, VERNAL I. LEE, by and through the undersigned attorneys, hereby sues Defendants, GRACO, INC., JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., and HOME DEPOT U.S.A., INC., and alleges as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $30,000.00 (Thirty Thousand Dollars), exclusive of attorneys' fees, interest and costs, and plaintiff(s) hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by plaintiffs is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution.

Case No.
Page 2

2.  At all times material hereto, Plaintiff VERNAL I. LEE (hereinafter "LEE"), was a Florida citizen and resident.

3.  The Defendant, GRACO, INC., (hereinafter "GRACO") was a Minnesota corporation with its principal place of business at 88 11th Ave NE, Minneapolis, MN 55413, and was engaged in the design, and manufacture of paint sprayer assemblies, including the subject Graco Magnum X5 paint sprayer assembly at issue in this case, with the knowledge, foresight, and intent that the product would be sold by HOME DEPOT in the state of Florida, including Broward County, Florida.

4.  The Defendant, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., (hereinafter "PIRANHA") was a Minnesota corporation with its principal place of business at 88 11th Ave NE, Minneapolis, MN 55413, and was engaged in the design, manufacturing, selling, and distributing of high preassure hoses, including the high preassure hose utilized by GRACO, INC., in its Graco Magnum X5 paint sprayer assembly.

5.  The Defendant, HOME DEPOT U.S.A., INC., (hereinafter "HOME DEPOT"), at all times material hereto, was a corporation authorized to and doing business in the State of Florida and was engaged in the transaction of business in Broward County, Florida, with its principal place of business located at 750 N. University Drive, Coral Springs, FL 33071, Store #0284 (hereinafter the "subject premises").

6.  The Defendant, HOME DEPOT, with its principal place of business located at 750 N. University Drive, Coral Springs, FL 33071, Store #0284, at all times material hereto, was engaged in the regular and systematic business of selling Graco Magnum X5 paint sprayer, in the state of Florida, including Broward County, Florida.

*Case No.*
*Page 3*

## <u>ALLEGATIONS COMMON TO ALL COUNTS</u>

7.  At all times material hereto, HOME DEPOT sold and distributed, the subject Graco Magnum X5 paint sprayer (hereinafter "the subject paint sprayer") at the HOME DEPOT retail location at the subject premises.

8.  At all times material hereto, the Graco Magnum X5 was designed, manufactured, and placed into the stream of commerce by GRACO and PIRANHA.

9.  At all times material hereto, the subject paint sprayer was used to spray paint an inside room located at Mr. Lee's personal residence.

10. On or about February 2, 2021, Mr. Vernal Lee's son Mark was using the Graco Magnum X5 pain gun to spray paint an inside room located at his personal residence. While Mr. Lee was holding the paint hose, he felt pain in his right forefinger and hand.  Due to a defect in the subject paint sprayer, the paint hose had burst, causing paint to shoot up and be injected into Mr. Lee's right forefinger and hand.

11. At all times material hereto, each of the DEFENDANTS owed a duty to Plaintiff and other reasonably foreseeable persons who could be exposed to the subject Graco Magnum X5 paint sprayer unit, to use reasonable care in the manufacture, design, and sale of the subject paint sprayer, and to use reasonable care to protect against, prevent, and warn of explosive hose ruptures.

12. At all times material hereto, each of the DEFENDANTS breached their duty of reasonable care owed to LEE and other reasonably foreseeable persons who could be exposed to the sudden and unexpected explosion of the subject Graco Magnum X5 paint sprayer.

*Case No.*
*Page 4*

13. The Graco Magnum X5 paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left Defendants' possession or control.

14. LEE's serious and catastrophic injuries were a direct and proximate result of the DEFENDANTS' negligence.

15. As a direct and proximate result of LEE's catastrophic injuries, LEE has suffered the following damages:

    a.    Permanent bodily injury and past, present, and future pain and suffering;
    b.    Past, present, and future aggravation of pre-existing conditions and physical defects;
    c.    Past, present, and future disability and physical impairment;
    d.    Past present, and future scarring and disfigurement;
    e.    Past, present, and future mental anguish;
    f.    Past, present, and future inconvenience;
    g.    Past, present, and future loss of capacity for enjoyment of life;
    h.    Past, present, and future medical expenses;
    i.    Past, present, and future loss of earnings and earning capacity.

## COUNT I - STRICT LIABILITY
## AGAINST GRACO – DESIGN

16. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

17. At the time GRACO designed and manufactured and placed into the stream of commerce the Graco Magnum X5 paint sprayer, it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

*Case No.*
*Page 5*

18. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

19. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

20. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

21. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO, and further demands trial by jury.

## <u>COUNT II - STRICT LIABILITY</u>
## <u>AGAINST GRACO – MANUFACTURE</u>

22. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

23. At the time the Graco Magnum X5 paint sprayer was manufactured and placed into the stream of commerce by GRACO it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

24. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

25. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

26. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

27. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT III - STRICT LIABILITY
## AGAINST GRACO - WARNINGS AND INSTRUCTIONS

28. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

29. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by GRACO, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

*Case No.*
*Page 7*

30. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

31. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

32. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

33. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT IV - NEGLIGENCE
## AGAINST GRACO - DESIGN

34. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

*Case No.*
*Page 8*

35. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

36. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT V - NEGLIGENCE
## AGAINST GRACO – MANUFACTURE

37. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

38. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

39. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

*Case No.*
*Page 9*

## COUNT VI - NEGLIGENCE
## AGAINST GRACO – WARNINGS/INSTRUCTIONS

40. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

41. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

42. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT VII - STRICT LIABILITY
## AGAINST PIRANHA – DESIGN

43. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

44. At the time PIRANHA designed and manufactured and placed into the stream of commerce the Graco Magnum X5 paint sprayer hose it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

45. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

46. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

47. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

48. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA, and further demands trial by jury.

## COUNT VIII - STRICT LIABILITY
## AGAINST PIRANHA – MANUFACTURE

49. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

50. At the time the Graco Magnum X5 paint sprayer, including its hose, was manufactured and placed into the stream of commerce by the PIRANHA it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances.

51. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

52. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

53. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

54. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

55. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## <u>COUNT IX - STRICT LIABILITY</u>
## <u>AGAINST PIRANHA - WARNINGS AND INSTRUCTIONS</u>

56. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

*Case No.*
*Page 12*

57. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by PIRANHA, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

58. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

59. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

60. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

61. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

*Case No.*
*Page 13*

## COUNT X - NEGLIGENCE
## AGAINST PIRANHA - DESIGN

62. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

63. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

64. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## COUNT XI - NEGLIGENCE
## AGAINST PIRANHA – MANUFACTURE

65. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

66. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

67. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

*Case No.*
*Page 14*

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

<u>**COUNT XII - NEGLIGENCE**</u>
<u>**AGAINST PIRANHA – WARNINGS/INSTRUCTIONS**</u>

68. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

69. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

70. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

<u>**ALLEGATIONS COMMON TO HOME DEPOT**</u>

71. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

72. At all material times, Defendant, HOME DEPOT, was in the business of selling, promoting, distributing, maintaining, and servicing products including the subject Graco Magnum X5

*Case No.*
*Page 15*

paint sprayer at issue in this Complaint, to individuals of the public, including the Plaintiff.

73. At all material times, Defendant, HOME DEPOT, had a duty to act reasonably in the of selling, promoting, distributing, maintaining, and servicing products including the subject Graco Magnum X5 paint sprayer, so as to avoid causing injury to the public and their customers, including the Plaintiff.

74. Defendant, HOME DEPOT, was the original seller of the subject Graco Magnum X5, which it sold to Plaintiff, LEE.

75. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident, which is the basis of this complaint, as when it left HOME DEPOT's possession or control.

## COUNT XIII - STRICT LIABILITY
## AGAINST HOME DEPOT – DESIGN

76. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

77. At the time HOME DEPOT sold, serviced, maintained, and placed into the stream of commerce the Graco Magnum X5 paint sprayer it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

78. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left HOME DEPOT's possession or control.

*Case No.*
*Page 16*

79. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

80. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

81. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT, and further demands trial by jury.

### COUNT XIV - STRICT LIABILITY
### AGAINST HOME DEPOT – MANUFACTURE

82. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

83. At the time the Graco Magnum X5 paint sprayer, including its hose, was manufactured and placed into the stream of commerce by the HOME DEPOT it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

*Case No.*
*Page 17*

84. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

85. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

86. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

   WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XV - STRICT LIABILITY
## AGAINST HOME DEPOT - WARNINGS AND INSTRUCTIONS

87. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

88. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by HOME DEPOT, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

*Case No.*
*Page 18*

89. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

90. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

91. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XVI - NEGLIGENCE
## AGAINST HOME DEPOT - DESIGN

92. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

93. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer was defectively designed.

*Case No.*
*Page 19*

94. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

95. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XVII - NEGLIGENCE
## AGAINST HOME DEPOT – MANUFACTURE

96. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 74, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

97. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer was defectively manufactured.

98. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

99. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

*Case No.*
*Page 20*

## COUNT XVIII - NEGLIGENCE
## AGAINST HOME DEPOT – WARNINGS/INSTRUCTIONS

100. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 74, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

101. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer lacked proper warnings and instructions.

102. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

103. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XIX- NEGLIGENCE AGAINST HOME DEPOT
## MAINTENANCE, INSTALLATION, REPAIR, REPLACEMENT,
## TESTING AND INSPECTION

104. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

*Case No.*
*Page 21*

105. At all times material hereto, the Defendant, HOME DEPOT, had a duty to reasonably maintain, install, repair, replace, recommend, test and inspect the subject paint sprayer so that it could be safely used in a manner and for a purpose for which it was made and sold.

106. The Defendant, HOME DEPOT, breached such duties by maintaining, installing, repairing, replacing, warning, recommending, testing and inspecting the subject paint sprayer in such a negligent manner, that it was likely to fail even while being used in an intended or reasonably foreseeable manner.

107. The negligent manner in which the subject sprayer was maintained, installed, repaired, replaced, tested and inspected by the Defendant, HOME DEPOT was the direct and proximate cause of the subject paint sprayer hose explosion, and the subsequent injuries of LEE.

108. The negligence of the Defendant, HOME DEPOT, was the direct and proximate cause of Plaintiff, LEE's injuries.

WHEREFORE, the Plaintiff, LEE, demands judgment for damages against the Defendant, HOME DEPOT, and further demands trial by jury.

*Case No.*
*Page 22*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy hereof has been electronically served via the Florida

Courts eFiling Portal on July 28, 2022.

/s/ Daniel D. Walker                  
Ben J. Whitman, Esq.
Daniel D. Walker, Esq. for
CLARK, FOUNTAIN, LA VISTA, PRATHER,
& LITTKY-RUBIN, LLP
1919 N. Flagler Drive, 2nd Floor
West Palm Beach, FL 33407
PH: (561) 899-2100
Fax: (561) 832-3580
Email: bwhitman@clarkfountain.com
       dwalker@clarkfountain.com
       sbates@clarkfountain.com
Florida Bar No. 106234
Florida Bar No. 1018257
Attorneys for Plaintiff

**CT Corporation**
**Service of Process Notification**
08/03/2022
CT Log Number 542043280

## Service of Process Transmittal Summary

**TO:** Joyce Bowers
GRACO INC.
88 11TH AVE NE
MINNEAPOLIS, MN 55413-1829

**RE:** **Process Served in Florida**

**FOR:** Graco Inc. (Domestic State: MN)
According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VERNAL I. LEE vs. GRACO, INC. |
| **CASE #:** | CACE22011077 |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/03/2022 at 02:03 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780120815817 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Aug 3, 2022
**Server Name:** Joseph Marker

| Entity Served | GRACO INC |
|---|---|
| Case Number | CACE-22-011077 |
| Jurisdiction | FL |

Inserts



Filing # 154402658 E-Filed 08/01/2022 10:28:20 AM          CACE-22-011077

CIVIL ACTION SUMMONS

VERNAL I. LEE,                              IN THE SEVENTEENTH JUDICIAL
                                           CIRCUIT IN AND FOR BROWARD
        Plaintiff,                         COUNTY, FLORIDA.
VS.

GRACO, INC., a foreign corporation, JW JONES,    CASE NO:  CACE22011077
INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a
foreign corporation, and HOME DEPOT U.S.A.,
INC., a foreign corporation,

        Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the Complaint and/or
Petition in this action on Defendant:

                **Graco, Inc.**

**By serving:**    **Registered Agent**
                **CT Corporation System Inc.**
                **1200 S Pine Island Rd #250,**
                **Plantation, FL 33324**


Each defendant is required to serve written defenses to the Complaint or petition on

                        Daniel D. Walker of
        CLARK, FOUNTAIN, LA VISTA, PRATHER, & LITTKY-RUBIN, LLP

Plaintiffs' attorney, whose address is:

                1919 N. Flagler Drive, 2nd Floor
                West Palm Beach, FL 33407
                PH: (561) 899-2100  FAX: (561) 832-3580
                E-Mail: dwalker@clarkfountain.com

within 20 days after service of this summons on that defendant, exclusive of the day of service
and to file the original of the defenses with the clerk of this court either before service on

plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED:        AUG 01 2022

As Clerk of the Court

By:_____
        As Deputy Clerk

BRENDA D. FORMAN

### IMPORTANTE

**Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.**

**Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada obajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).**

### IMPORTANT

**Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).**

**Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355 4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355 4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si jè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 154230297 E-Filed 07/28/2022 10:43:48 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA.

VERNAL I. LEE,

CASE NO.: CACE22011077

      Plaintiff

v.

GRACO, INC., a foreign corporation, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a foreign corporation, and HOME DEPOT U.S.A., INC., a foreign corporation,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VERNAL I. LEE, by and through the undersigned attorneys, hereby sues Defendants, GRACO, INC., JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., and HOME DEPOT U.S.A., INC., and alleges as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $30,000.00 (Thirty Thousand Dollars), exclusive of attorneys' fees, interest and costs, and plaintiff(s) hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by plaintiffs is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution.

2.  At all times material hereto, Plaintiff VERNAL I. LEE (hereinafter "LEE"), was a Florida citizen and resident.

3.  The Defendant, GRACO, INC., (hereinafter "GRACO") was a Minnesota corporation with its principal place of business at 88 11th Ave NE, Minneapolis, MN 55413, and was engaged in the design, and manufacture of paint sprayer assemblies, including the subject Graco Magnum X5 paint sprayer assembly at issue in this case, with the knowledge, foresight, and intent that the product would be sold by HOME DEPOT in the state of Florida, including Broward County, Florida.

4.  The Defendant, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., (hereinafter "PIRANHA") was a Minnesota corporation with its principal place of business at 88 11th Ave NE, Minneapolis, MN 55413, and was engaged in the design, manufacturing, selling, and distributing of high preassure hoses, including the high preassure hose utilized by GRACO, INC., in its Graco Magnum X5 paint sprayer assembly.

5.  The Defendant, HOME DEPOT U.S.A., INC., (hereinafter "HOME DEPOT"), at all times material hereto, was a corporation authorized to and doing business in the State of Florida and was engaged in the transaction of business in Broward County, Florida, with its principal place of business located at 750 N. University Drive, Coral Springs, FL 33071, Store #0284 (hereinafter the "subject premises").

6.  The Defendant, HOME DEPOT, with its principal place of business located at 750 N. University Drive, Coral Springs, FL 33071, Store #0284, at all times material hereto, was engaged in the regular and systematic business of selling Graco Magnum X5 paint sprayer, in the state of Florida, including Broward County, Florida.

*Case No.*
*Page 3*

## ALLEGATIONS COMMON TO ALL COUNTS

7. At all times material hereto, HOME DEPOT sold and distributed, the subject Graco Magnum X5 paint sprayer (hereinafter "the subject paint sprayer") at the HOME DEPOT retail location at the subject premises.

8. At all times material hereto, the Graco Magnum X5 was designed, manufactured, and placed into the stream of commerce by GRACO and PIRANHA.

9. At all times material hereto, the subject paint sprayer was used to spray paint an inside room located at Mr. Lee's personal residence.

10. On or about February 2, 2021, Mr. Vernal Lee's son Mark was using the Graco Magnum X5 pain gun to spray paint an inside room located at his personal residence. While Mr. Lee was holding the paint hose, he felt pain in his right forefinger and hand.  Due to a defect in the subject paint sprayer, the paint hose had burst, causing paint to shoot up and be injected into Mr. Lee's right forefinger and hand.

11. At all times material hereto, each of the DEFENDANTS owed a duty to Plaintiff and other reasonably foreseeable persons who could be exposed to the subject Graco Magnum X5 paint sprayer unit, to use reasonable care in the manufacture, design, and sale of the subject paint sprayer, and to use reasonable care to protect against, prevent, and warn of explosive hose ruptures.

12. At all times material hereto, each of the DEFENDANTS breached their duty of reasonable care owed to LEE and other reasonably foreseeable persons who could be exposed to the sudden and unexpected explosion of the subject Graco Magnum X5 paint sprayer.

*Case No.*
*Page 4*

13. The Graco Magnum X5 paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left Defendants' possession or control.

14. LEE's serious and catastrophic injuries were a direct and proximate result of the DEFENDANTS' negligence.

15. As a direct and proximate result of LEE's catastrophic injuries, LEE has suffered the following damages:

    a.    Permanent bodily injury and past, present, and future pain and suffering;
    b.    Past, present, and future aggravation of pre-existing conditions and physical defects;
    c.    Past, present, and future disability and physical impairment;
    d.    Past present, and future scarring and disfigurement;
    e.    Past, present, and future mental anguish;
    f.    Past, present, and future inconvenience;
    g.    Past, present, and future loss of capacity for enjoyment of life;
    h.    Past, present, and future medical expenses;
    i.    Past, present, and future loss of earnings and earning capacity.

## COUNT I - STRICT LIABILITY
## AGAINST GRACO – DESIGN

16. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

17. At the time GRACO designed and manufactured and placed into the stream of commerce the Graco Magnum X5 paint sprayer, it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

*Case No.*
*Page 5*

18. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

19. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

20. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

21. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO, and further demands trial by jury.

## COUNT II - STRICT LIABILITY
## AGAINST GRACO – MANUFACTURE

22. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

23. At the time the Graco Magnum X5 paint sprayer was manufactured and placed into the stream of commerce by GRACO it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

*Case No.*
*Page 6*

24. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

25. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

26. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

27. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT III - STRICT LIABILITY
## AGAINST GRACO - WARNINGS AND INSTRUCTIONS

28. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

29. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by GRACO, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

*Case No.*
*Page 7*

30. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

31. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left GRACO's possession or control.

32. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

33. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT IV - NEGLIGENCE
## AGAINST GRACO - DESIGN

34. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

35. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

36. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

### COUNT V - NEGLIGENCE
### AGAINST GRACO – MANUFACTURE

37. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

38. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

39. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

Case No.
Page 9

## COUNT VI - NEGLIGENCE
## AGAINST GRACO – WARNINGS/INSTRUCTIONS

40. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

41. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

42. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against GRACO and further demands trial by jury.

## COUNT VII - STRICT LIABILITY
## AGAINST PIRANHA – DESIGN

43. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

44. At the time PIRANHA designed and manufactured and placed into the stream of commerce the Graco Magnum X5 paint sprayer hose it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

*Case No.*
*Page 10*

45. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

46. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

47. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

48. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA, and further demands trial by jury.

### COUNT VIII - STRICT LIABILITY
### AGAINST PIRANHA – MANUFACTURE

49. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

50. At the time the Graco Magnum X5 paint sprayer, including its hose, was manufactured and placed into the stream of commerce by the PIRANHA it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances.

*Case No.*
*Page 11*

51. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

52. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

53. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

54. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

55. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## COUNT IX - STRICT LIABILITY
## AGAINST PIRANHA - WARNINGS AND INSTRUCTIONS

56. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

57. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by PIRANHA, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

58. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left PIRANHA's possession or control.

59. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

60. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

61. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

*Case No.*
*Page 13*

## COUNT X - NEGLIGENCE
## AGAINST PIRANHA - DESIGN

62. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

63. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

64. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## COUNT XI - NEGLIGENCE
## AGAINST PIRANHA – MANUFACTURE

65. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

66. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

67. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

*Case No.*
*Page 14*

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## COUNT XII - NEGLIGENCE
## AGAINST PIRANHA – WARNINGS/INSTRUCTIONS

68. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

69. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

70. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against PIRANHA and further demands trial by jury.

## ALLEGATIONS COMMON TO HOME DEPOT

71. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

72. At all material times, Defendant, HOME DEPOT, was in the business of selling, promoting, distributing, maintaining, and servicing products including the subject Graco Magnum X5

paint sprayer at issue in this Complaint, to individuals of the public, including the Plaintiff.

73. At all material times, Defendant, HOME DEPOT, had a duty to act reasonably in the of selling, promoting, distributing, maintaining, and servicing products including the subject Graco Magnum X5 paint sprayer, so as to avoid causing injury to the public and their customers, including the Plaintiff.

74. Defendant, HOME DEPOT, was the original seller of the subject Graco Magnum X5, which it sold to Plaintiff, LEE.

75. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident, which is the basis of this complaint, as when it left HOME DEPOT's possession or control.

## COUNT XIII - STRICT LIABILITY
## AGAINST HOME DEPOT – DESIGN

76. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

77. At the time HOME DEPOT sold, serviced, maintained, and placed into the stream of commerce the Graco Magnum X5 paint sprayer it contained design defects which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, and other intended and foreseeable users.

78. The subject paint sprayer was in substantially the same defective condition at the time of the above-mentioned incident as when it left HOME DEPOT's possession or control.

Case No.
Page 16

79. As a result of the design defects, the Graco Magnum X5 paint sprayer failed to perform as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

80. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning and causing paint to shoot up into Plaintiff's right finger and palm.

81. The design defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT, and further demands trial by jury.

## COUNT XIV - STRICT LIABILITY
## AGAINST HOME DEPOT – MANUFACTURE

82. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

83. At the time the Graco Magnum X5 paint sprayer, including its hose, was manufactured and placed into the stream of commerce by the HOME DEPOT it contained manufacturing defects as a result of the hose being manufactured in violation of prudent manufacturing practices, specifications and tolerances. These defects rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons such as LEE, who was an intended and/or foreseeable user.

Case No.
Page 17

84. As a result of the manufacturing defects, the Graco Magnum X5 paint sprayer failed to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

85. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of the subject Graco Magnum X5 paint sprayer hose rupturing suddenly, unexpectedly, and without warning and causing injury to LEE's hand.

86. The manufacturing defects in the Graco Magnum X5 paint sprayer were the direct and proximate cause of serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XV - STRICT LIABILITY
## AGAINST HOME DEPOT - WARNINGS AND INSTRUCTIONS

87. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

88. At the time the Graco Magnum X5 paint sprayer was designed and manufactured and placed into the stream of commerce by HOME DEPOT, it lacked, and/or contained defective, warnings and instructions which rendered the Graco Magnum X5 paint sprayer unreasonably dangerous to persons, such as LEE, who was an intended or foreseeable user.

89. The lack of and defective warnings and instructions resulted in the Graco Magnum X5 paint sprayer failing to perform as intended and as safely as an ordinary consumer would expect when utilizing the Graco Magnum X5 paint sprayer in an intended or reasonably foreseeable manner.

90. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer unit exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

91. The lack of and/or defective warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XVI - NEGLIGENCE
## AGAINST HOME DEPOT - DESIGN

92. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

93. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer was defectively designed.

94. The negligent manner in which the Graco Magnum X5 paint sprayer was designed by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer unit to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

95. The negligent design of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

### COUNT XVII - NEGLIGENCE
### AGAINST HOME DEPOT – MANUFACTURE

96. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 74, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

97. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer was defectively manufactured.

98. The negligent manner in which the Graco Magnum X5 paint sprayer was manufactured by GRACO was the direct and proximate cause of the Graco Magnum X5 paint sprayer exploding suddenly, unexpectedly, and without warning, causing injury to LEE's hand.

99. The negligent manufacture of the Graco Magnum X5 paint sprayer was the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

*Case No.*
*Page 20*

## COUNT XVIII - NEGLIGENCE
## AGAINST HOME DEPOT – WARNINGS/INSTRUCTIONS

100. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 74, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

101. Defendant, HOME DEPOT, at all times knew or should have known that the Graco Magnum X5 paint sprayer lacked proper warnings and instructions.

102. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the Graco Magnum X5 paint sprayer to explode suddenly, unexpectedly, and without warning causing injury to LEE's hand.

103. The lack of and/or negligent warnings and instructions on or with the Graco Magnum X5 paint sprayer were the direct and proximate cause of the serious and catastrophic injuries sustained by LEE.

WHEREFORE, LEE demands judgment for damages against HOME DEPOT and further demands trial by jury.

## COUNT XIX- NEGLIGENCE AGAINST HOME DEPOT
## MAINTENANCE, INSTALLATION, REPAIR, REPLACEMENT,
## TESTING AND INSPECTION

104. LEE re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 15 and 71 through 75, including all subparts, and, by reference, incorporates same as if fully alleged herein and further alleges as follows.

*Case No.*
*Page 21*

105. At all times material hereto, the Defendant, HOME DEPOT, had a duty to reasonably maintain, install, repair, replace, recommend, test and inspect the subject paint sprayer so that it could be safely used in a manner and for a purpose for which it was made and sold.

106. The Defendant, HOME DEPOT, breached such duties by maintaining, installing, repairing, replacing, warning, recommending, testing and inspecting the subject paint sprayer in such a negligent manner, that it was likely to fail even while being used in an intended or reasonably foreseeable manner.

107. The negligent manner in which the subject sprayer was maintained, installed, repaired, replaced, tested and inspected by the Defendant, HOME DEPOT was the direct and proximate cause of the subject paint sprayer hose explosion, and the subsequent injuries of LEE.

108. The negligence of the Defendant, HOME DEPOT, was the direct and proximate cause of Plaintiff, LEE's injuries.

WHEREFORE, the Plaintiff, LEE, demands judgment for damages against the Defendant, HOME DEPOT, and further demands trial by jury.

*Case No.*
*Page 22*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been electronically served via the Florida

Courts eFiling Portal on July 28, 2022.

> /s/ Daniel D. Walker_____
> Ben J. Whitman, Esq.
> Daniel D. Walker, Esq. for
> CLARK, FOUNTAIN, LA VISTA, PRATHER,
> & LITTKY-RUBIN, LLP
> 1919 N. Flagler Drive, 2nd Floor
> West Palm Beach, FL 33407
> PH: (561) 899-2100
> Fax: (561) 832-3580
> Email: bwhitman@clarkfountain.com
>         dwalker@clarkfountain.com
>         sbates@clarkfountain.com
> Florida Bar No. 106234
> Florida Bar No. 1018257
> Attorneys for Plaintiff

Filing # 154402658 E-Filed 08/01/2022 10:28:20 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA.

VERNAL I. LEE,                    CASE NO.: CACE22011077

     Plaintiff

v.

GRACO, INC., a foreign corporation, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a foreign corporation, and HOME DEPOT U.S.A., INC., a foreign corporation,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT GRACO, INC.

COMES NOW the Plaintiff, VERNAL I. LEE, by and through the undersigned attorneys and hereby requests the Defendant, GRACO, INC. (hereinafter "GRACO"), to produce to the offices of Clark, Fountain, La Vista, Prather, & Littky-Rubin, LLP for inspection and/or copying, within the time specified by the applicable Florida Rules of Civil Procedure, the following:

### INSTRUCTIONS

In responding to this Request for Production of Documents, respondent shall furnish all information available at the time of answering, including information in the possession of its agents, employees, attorneys, and investigators.

Where respondent is requested to identify a series of persons, documents, oral communications or things and to provide certain information relating to that item, respondent shall

Filing # 154402658 E-Filed 08/01/2022 10:28:20 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA.

VERNAL I. LEE,                                CASE NO.: CACE22011077

    Plaintiff

v.

GRACO, INC., a foreign corporation, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC., a foreign corporation, and HOME DEPOT U.S.A., INC., a foreign corporation,

    Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT GRACO, INC.

COMES NOW the Plaintiff, VERNAL I. LEE, by and through the undersigned attorneys and hereby requests the Defendant, GRACO, INC. (hereinafter "GRACO"), to produce to the offices of Clark, Fountain, La Vista, Prather, & Littky-Rubin, LLP for inspection and/or copying, within the time specified by the applicable Florida Rules of Civil Procedure, the following:

## INSTRUCTIONS

In responding to this Request for Production of Documents, respondent shall furnish all information available at the time of answering, including information in the possession of its agents, employees, attorneys, and investigators.

Where respondent is requested to identify a series of persons, documents, oral communications or things and to provide certain information relating to that item, respondent shall

Case No. CACE22011077
Request to Produce to Defendant
Page 2

arrange its response so as to list the information requested for each item with that particular item so that the response designates the item to which the response relates.

When producing responsive documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

## DEFINITIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given, whether in singular or plural form:

The term "person" means any natural person and any corporation, association, partnership, or other legal entity.

"You" and "your" "Defendant COMPANY" refers to Defendant GRACO and any items created, owned, promoted, controlled, or relied upon by Defendant GRACO.

The term "THE PRODUCT" means the Graco Magnum X5 Paint Sprayer, Serial No.: G19E262800690180 (hereinafter referred to as "THE PRODUCT") and its component parts that GRACO designed, manufactured, built and/or placed into the stream of commerce in the State of Florida.

Case No. CACE22011077
Request to Produce to Defendant
Page 3

## REQUESTS

1.  Photographs or motion pictures taken of any of the following: THE PRODUCT and/or its component parts involved in the incident, the parties to this suit, other persons having knowledge of the incident or injuries in the subject suit, or any experiments, testing or inspections involving the scene of the incident or THE PRODUCT and/or its component parts involved in the incident.

2.  Copies of any drawings, maps, charts, diagrams, or other representation of the scene of the incident involving THE PRODUCT which is the subject of this claim.

3.  A copy of any statement, whether oral or written, taken of any of the parties, witnesses, or any other persons having knowledge concerning the incident or injuries which are the subject of the Plaintiff's Complaint.

4.  All documents regarding the proper inspection, maintenance, service, and/or repair of THE PRODUCT in use at the time of the incident described in Plaintiff's Complaint.

5.  Any and all maintenance records, maintenance logs, inspection records, invoices, service tickets, and log books related to THE PRODUCT in use at the time of the incident described in Plaintiff's Complaint.

6.  Copies of the declaration sheets and underlying insurance policies of any and all liability, excess, and/or umbrella insurance affording coverage for the incident involved in this lawsuit.

7.  Copies of any photographs or videos of the Plaintiff, taken before or subsequent to the subject incident, including any surveillance photographs or videos.

8.  All documents regarding any investigation by federal, state or local governmental agencies or bodies, including but not limited to documents received from, or submitted to, OSHA and/or local sheriffs, related to any issues in this case.

9.  All documents reflecting all requests for indemnification, or requests to assume the defense, by and between the Defendants to this action regarding this case.

10. All documents describing, explaining, or referencing the Defendant's document retention policies and procedures, including any changes to those policies and procedures.

11. All documents which support, or upon which you rely in support of Your affirmative defenses to Plaintiff's Complaint.

Case No. CACE22011077
Request to Produce to Defendant
Page 4

12.   All documents which support Your contention that THE PRODUCT was not operated by the user in its intended, usual, or customary manner.

13.   All documents which support Your contention that the user of THE PRODUCT failed to follow the instructions, warnings, or directions for proper use of THE PRODUCT.

14.   All documents which support Your contention that THE PRODUCT was abused, misused, improperly altered, improperly installed, improperly repaired, improperly operated, improperly replaced, improperly maintained, not maintained at all, improperly inspected, or not inspected at all.

15.   All documents which support Your contention that other Defendants or Third Parties were negligent in any way regarding the allegations in the Plaintiff's Complaint.

16.   All documents which detail any policies, manuals, procedures, methods, warnings, instructions, designs, or labels regarding the operation and/or use of THE PRODUCT.

17.   All documents or records showing any testing performed on THE PRODUCT (and the model / platform of this product) at any time (including but not limited to safety analysis, FMEA, or other considerations related to hose function, hose materials, psi ratings, and hose failures).

18.   All documents or records showing any inspections of THE PRODUCT (and the model / platform of this product) by You or any third-party private or government inspector at any time.

19.   Copies of any specifications, plans, drawings, charts, diagrams, and/or other representation of THE PRODUCT (and the model / platform of this product) which is the subject of this claim.

20.   All engineering drawings, plans, sketches, and/or designs of THE PRODUCT (and the model / platform of this product).

21.   The complete safety review for THE PRODUCT (and the mode / platform of this product) (including but not limited to safety analysis, FMEA, or other considerations related to hose function, hose materials, psi ratings, and hose failures).

22.   Any and all documents detailing any and all safety mechanisms and/or features present on THE PRODUCT (and the model / platform of this product) (including but not limited to safety analysis, FMEA, or other considerations hose function, hose materials, psi ratings, and hose failures).

Case No. CACE22011077
Request to Produce to Defendant
Page 5

23.   Any and all failure analyses performed for THE PRODUCT (and the model / platform of
      this product) (including but not limited to safety analysis, FMEA, or other considerations
      hose function, hose materials, psi ratings, and hose failures).

24.   Any and all industry safety, manufacture, and design standards applicable to THE
      PRODUCT, including but not limited to, industry standards for the design, manufacture,
      and warnings for such equipment.

25.   All invoices, contracts, repair orders, or other documents pertaining to delivery and repair
      of THE PRODUCT.

26.   Any and all organizational charts, books, or manuals for this Defendant which include
      departments, committees, or groups involved in the design, distribution, and testing of THE
      PRODUCT (and the model / platform of this product).

27.   Any and all complaints, including customer complaints, third party complaint, and/or any
      complaint from any member of the public regarding any incident involving THE
      PRODUCT (and the model / platform of this product) for the past ten (10) years.

28.   Any and all standard operating procedures, manuals or policies pertaining monitoring
      customer complaints, problems or trends.

29.   Copies of any and all deposition transcripts of this Defendant, its representative,
      employees, or agents, in relation to its airless paint sprayers, within the past ten (10) years.

30.   Any and all contracts and agreements between this Defendant, JWJONES, INC., f/k/a
      PIRANHA HOSE PRODUCTS, INC. and/or HOME DEPOT U.S.A., INC.

31.   Any and all written communication, correspondence, emails, texts, and memoranda
      between this Defendant, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC.
      and/or HOME DEPOT U.S.A., INC.

Case No. CACE22011077
Request to Produce to Defendant
Page 6

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy hereof has been served with a copy of the

Summons and Complaint.

                                         /s/ Daniel D. Walker
                                Ben J. Whitman, Esq.
                                Daniel D. Walker, Esq. for
                                CLARK, FOUNTAIN, LA VISTA, PRATHER,
                                & LITTKY-RUBIN, LLP
                                1919 N. Flagler Drive, 2nd Floor
                                West Palm Beach, FL 33407
                                PH: (561) 899-2100
                                Fax: (561) 832-3580
                                Email: bwhitman@clarkfountain.com
                                              dwalker@clarkfountain.com
                                              sbates@clarkfountain.com
                                Florida Bar No. 106234
                                Florida Bar No. 1018257
                                Attorneys for Plaintiff

Filing # 154402658 E-Filed 08/01/2022 10:28:20 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA.

CASE NO.: CACE22011077

VERNAL I. LEE,

     Plaintiff

v.

GRACO, INC., a foreign corporation,
JW.JONES, INC., f/k/a PIRANHA HOSE
PRODUCTS, INC., a foreign corporation, and
HOME DEPOT U.S.A., INC., a foreign
corporation,

     Defendants.

_____/

## NOTICE OF TAKING VIDEO DEPOSITION OF DEFENDANT, GRACO, INC.'S CORPORATE REPRESENTATIVE – DUCES TECUM
(*See attached Exhibit A)

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition(s) of:

DEPONENT:    The Corporate Representative, the person designated by GRACO, INC. (hereinafter "GRACO"), who can give complete, knowledgeable, and binding answers on behalf of the corporation that can testify regarding the matters set forth attached in **Schedule "A"**

DATE AND TIME:    November 1, 2022, at 10:00 a.m.

PLACE:    TBD

upon oral examination before, Universal Court Reporting, a Notary Public, or any other officer

authorized by law to take depositions in the State of FLORIDA. The oral examination will continue

from day to day until completed and is being taken for the purpose of discovery, for use at trial,

or for such other purposes as are permitted under the applicable Statutes or Rules of the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been served with a copy of the Summons and Complaint.

/s/ Daniel D. Walker
Ben J. Whitman, Esq.
Daniel D. Walker, Esq. for
CLARK, FOUNTAIN, LA VISTA, PRATHER,
& LITTKY-RUBIN, LLP
1919 N. Flagler Drive, 2nd Floor
West Palm Beach, FL 33407
PH: (561) 899-2100
Fax: (561) 832-3580
Email: bwhitman@clarkfountain.com
       dwalker@clarkfountain.com
Florida Bar No. 106234
Florida Bar No. 1018257
Attorneys for Plaintiff

cc:    COURT REPORTER - NOTE: If ordered, please provide deposition in Real Legal E-Transcript Viewer (ETRAN) format Via E-mail Only, without index, **AND IF MULTIPLE VOLUMES, COMBINE INTO ONE VOLUME ONLY, TO INCLUDE ALL PAGES** and email to dwalker@clarkfountain.com. Please scan any and all exhibits in .pdf or .tif format and provide on a DVD/CD.

## SCHEDULE "A"

1.  All liability, excess or umbrella insurance in that may afford coverage for the allegations of this lawsuit, including any and all insurance in effect on February 2, 2021.

2.  The existence, content, and authenticity of any and all correspondence between GRACO INC. and HOME DEPOT U.S.A. INC. between January 1, 2019, and January 1, 2022.

3.  The existence, content and authenticity of all contracts, agreements, or similar documentation between GRACO, JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC. and HOME DEPOT U.S.A INC.

4.  The existence, content, and authenticity of any statement taken of any of the parties, witnesses, or any other persons having knowledge concerning the subject incident.

5.  The existence, content and authenticity of any and all Safety Manuals and/or Handbooks in effect in February 2021.

6.  The existence, content and authenticity of any and all Employee Handbooks in effect in February 2021.

7.  The incident that is described in Plaintiff's Complaint.

8.  Knowledge regarding the Plaintiff's Complaint, the Answers filed by the Defendants (including the facts relied upon for the Affirmative Defenses raised in the Answer).

9.  Knowledge regarding Defendant, GRACO's discovery responses. This includes any written discovery responses served by Defendant, GRACO in this case, including disclosure and production responses, admissions, interrogatory answers, and documents produced.

10. The **complete worldwide history of the entire design cycle and design changes or modifications** of the Graco Magnum X5 paint sprayer, including all components, spanning from the first paint sprayer made (in approximately 1958) to the most recent (in approximately 2022), including all hose modifications, performance modifications, non-cosmetic modifications, specification modifications, capacity modifications, pressure modifications, materials modifications, and any modifications made to make the hose less likely to rupture.

11. The **complete worldwide history of the entire production cycle of the Graco Magnum X5 paint sprayer**, including all components, spanning from the first paint sprayer made to the last, including how many paint sprayers were manufactured each model and calendar year, the plant of manufacture, the dates of manufacture, model numbers, profit per paint sprayer, warning labels installed in the paint sprayer, the maximum recommended overall psi, and warning labels installed on the paint sprayers and referenced in the owner's manual or print material accompanying the paint sprayers

12. The **complete worldwide history of the entire performance testing program of the Graco Magnum X5 paint sprayer**, including all components, spanning from the first paint sprayer made to the last, including psi testing, high pressure hose testing, and other

performance tests including the date each test was conceived, approved, and testing began, exact test procedure and protocol, and results of each test, the model year tested, the exact amount and duration of psi placed in the paint sprayer during testing and the identities of persons participating in the testing.

13. The **complete worldwide history of the entire warnings program of the Graco Magnum X5 paint sprayer**, including all components, spanning from the first paint sprayer made to the last, including the date, manner and identities of the persons who were involved in GRACO's consideration of and ultimate decision to add hose rupture/explosion warnings to any GRACO paint sprayer and to include hose rupture/explosion warnings in the owner's manual or print material accompanying the paint sprayers.

14. **The date, manner, and forum in which the Defendant's decision to add warning labels to GRACO paint sprayers**, including all components, and the owner's manual or print material accompanying the paint sprayers, and the Defendant's decision to create and start performing high pressure testing was first made, and then conveyed to and made known to the Defendant's dealers, including JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC and HOME DEPOT U.S.A. INC.

15. The **complete worldwide history of the entire on water performance testing program of all GRACO paint sprayers**, including all components, performed to evaluate handling under various pressure conditions and to evaluate susceptibility to hose ruptures/explosions, including the date, manner and identities of the persons who were involved, exact test procedure and protocol, and results of each test, the make and model year tested, the exact amount and location of pressure placed in the paint sprayer during testing and the identities of persons participating in the testing.

16. The **complete worldwide history of hose ruptures, hose explosions, and hose failures, of GRACO paint sprayers**, including all components, both in testing, real world use or otherwise, including all such incidents regardless of whether any accident, injury, warranty claim or claim of any type occurred, and regardless of whether the incident was the subject of a formal report.

17. The **complete worldwide history of the entire hose rupture warnings program**, including the process and program of any warning labels sent to customers or distributors who had previously purchased GRACO paint sprayers, and instructed distributors or consumers in the field to install aftermarket warnings on GRACO paint sprayers.

18. The collection, compilation, search, search status, and production of documents requested by the Plaintiff's in this case, including the specific databases searched, the program or databases used to review documents produced or to be produced in this case, the persons conducting the searches and the date when supplemental responses to the Plaintiff's discovery will be filed.

19. The financial condition, assets and worth of the Defendant, including the gross and net profit earned on the sale of the Graco Magnum X5 paint sprayer line.

20. Defendant GRACO'S knowledge, involvement, contact with, or work on the subject paint sprayer.

21. The manufacture, ordering, delivery, acquisition, purchase, sale, registration with GRACO, use history, warranty history, maintenance, repair, or modification of the subject paint sprayer, including all components.

22. Any accident, damage, property damage, or personal injury that occurred to or in conjunction with the subject paint sprayer, including all components.

23. The name, address, employment, and title of all persons known to Defendant, GRACO, who have knowledge of or were involved in the manufacture, ordering, delivery, acquisition, purchase, sale, use history, warranty history, maintenance, repair, or modification of the subject paint sprayer, including all components, at any time

24. The name, address, employment, and title of all persons known to Defendant, GRACO, who have knowledge of or were involved in any accident, damage, property damage, or personal injury that occurred to or in conjunction with the subject paint sprayer at any time

25. The company history, formation, business, services, and ownership of GRACO.

26. The relationship, business, and dealings between GRACO and JWJONES, INC., f/k/a PIRANHA HOSE PRODUCTS, INC.

27. The relationship, business, and dealings between GRACO and HOME DEPOT U.S.A. INC.

28. Complaints, problems, safety, or issues concerning hose ruptures of GRACO paint sprayers.

29. The name, address, employment, and title of all persons known to Defendant GRACO who have knowledge of complaints, problems, safety, or issues concerning hose ruptures of GRACO paint sprayers.

30. Defendant GRACO's contention(s) regarding to the following topics, and all facts that support each contention:

    a. The subject accident, and any accident involving the subject paint sprayer that caused injury or damage to people or the subject paint sprayer.

    b. All persons responsible, regardless of how much or how little, for Vernal Lee's injuries, and the complete way in which Defendant GRACO arrived at its conclusion(s).

    c. The point at which Defendant GRACO believe that litigation was being contemplated, was pending, or when it was reasonably foreseeable.

31. The name, employment, and title of all persons known to Defendant GRACO who inspected the scene, subject paint sprayer, after the subject accident (including pictures and e-mails, or communications of any kind) that were generated as a result of subject accident.

32. The name, employment, and title of all persons known to Defendant GRACO who have drafted or responded to any correspondence whatsoever regarding the subject accident, the incident in which Vernal Lee was injured, and any cause(s) or possible cause(s) for that incident and/or those injuries.

33. The name, employment, and title of all persons known to Defendant GRACO who have investigated the incident that caused Vernal Lee's injuries, regardless of who that person is employed by, and any thoughts, opinions, or conclusions that they reached (which are known to Defendant GRACO) about the cause(s) of the aforementioned incident/injuries and the party or parties responsible for the incident/injuries.

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 40
SafetySeal(101761)



TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**        **1 OF 1**

SHIP TO:
JOYCE BOWERS
6126236667
GRACO INC.
88 11TH AVE NE
**MINNEAPOLIS  MN  55413**

MN 554 9-04

**UPS NEXT DAY AIR**        **1**
TRACKING #: 1Z X21 278 01 2081 5817

BILLING: P/P

Reference No.1: SOP/2401130/542043280/CT SOP Custo

XOL 22.08.04        NV45 32.0A 07/2022*

1928016        8

Origin: Wolters Kluwer UPS 562130



## CT Packing Slip

**⊙. CT Corporation**

**UPS Tracking # :** 1ZX21278012081581 7
**Created By :** BATCH BATCH
**Created On :** 08/03/2022 01:59 PM
**Recipient :**

**Joyce Bowers**

|  |  |
|---|---|
| Title : | -- |
| Customer : | GRACO INC. |
| Address : | 88 11TH AVE NE |
| Email : | jbowers@graco.com |
| Phone : | -612-623-6667 |
| Fax : | - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 542043280 | CACE22011077 | Graco Inc. |